## STEAMBOAT WISCONSIN *v.* YOUNG.

Where an original invoice of goods appears by evidence satisfactory to the court, to have been lost or mislaid, a memorandum of the items, as copied by the witness, as clerk of the party, was admitted in order to show what items were in a box for which, the steamboat was sued.

Parole evidence admissible to show fraud or a mistake in making a bill of lading.

ERROR *to Muscatine District Court.*

*Opinion by* WILLIAMS, C. J.    William L. Young brought suit to November term of the district court of Muscatine county, 1849, against the steamboat Wisconsin.    The plaintiff filed his declaration on the contract as per bill of lading, which is in the usual form.

After averring the legal obligations and duties of the boat by virtue of the bill of lading, the declaration proceeds to aver that only a part of the goods enumerated and specified in the bill of lading was delivered, and that the boat kept and retained in her possession one of the cases of merchandise, of the value of one hundred and forty-eight dollars and sixty-nine cents, and refused to deliver the same to the plaintiff. or to account for the same in any manner to the satisfaction of the plaintiff.

A specific account of the articles contained in the case, which, it is alleged, was not delivered or accounted for by the boat, is embodied in the declaration, and damages claimed to the amount of two hundred dollars.    Thomas II. Griffith, master of the boat, on the 7th of November, 1849, appeared and filed two pleas in defence of the plaintiff's action, one of which denies the undertaking and promise, as set forth in the declaration, and the other is the plea of "not guilty" in manner and form, &c.    On motion of the defendant, the cause was continued to the June term. At that term the parties, by consent, waived trial by jury

Steamboat Wisconsin *v.* Young.

and the cause was submitted to the court. A judgment was given for the plaintiff for one hundred and fifty three dollars and fifty-seven cents, damages and costs.

On the trial, exceptions were taken to the ruling of the judge, which appear of record here, and the following are the assignments of error:

1st. The court permitted a copy of the original invoice of pieces—or parcels of goods—to be used in evidence, without first sufficiently accounting for the non production of the original.

2d. There was no testimony as to the value of the goods.

3d. The court refused to hear testimony that there had been a mistake in the original bill of lading.

It appears by the testimony as contained in the bill of exceptions, that, among other things, eighteen cases or boxes of goods were shipped on board the steamboat Mountaineer, on the Illinois river, marked, "W. L. Young, Muscatine, Iowa." On the arrival of the Mountaineer at St. Louis, the goods were transferred by shipment on board the steamboat Wisconsin, to be delivered at Muscatine—or Bloomington—on the upper Mississippi. On the arrival of the Wisconsin, at the port of Bloomington—or Muscatine—but seventeen cases of goods marked for W. L. Young were found on board, and that number delivered, leaving one to be accounted for by the boat. With the seventeen cases marked W. L. Young, one other was found marked for "Coperas Creek, Illinois." This last named case was claimed by the owner at Coperas Creek, and delivered to him. But the case belonging to Young, according to the terms of the bill of lading, was not found after search made.

On the trial, the plaintiff below offered to prove by his clerk the number and value of the articles which were put up and contained in the case which was missing, or alleged to be lost by the boat, which had been ascertained by the witness by comparing the contents of the seventeen cases of the goods with the invoice of the goods shipped;

thereby showing that the goods mentioned in the declaration were missing, and not delivered by the boat to Young; and also the prices of the articles, amounting to $141 61. To this testimony the defendant below objected, for the reason that the original invoice was not produced; that being the best evidence. Thereupon W. L. Young, the plaintiff below, was called and examined to prove impossibility of producing in evidence the original invoice. Being sworn, he stated that "he made search for it in every place where it was likely to be found, and could not find it. That he had been in the habit of keeping it in the top of a valise, with other papers; that he went to the state of Michigan last fall and left the valise there; that if the paper was in existence, it was probably there; that he had not thought but that he could lay his hands upon it at any moment until that day, when he had made thorough but ineffectual search for it." The clerk was thereupon permitted to state the contents of the missing case from a memorandum which he had made of the missing articles at the time of opening the other cases, to which the defendant objected. The objection was overruled by the court, and the evidence permitted to be given.

This ruling of the court furnishes the ground for the first assignment of error. We think that the ruling in this matter is in accordance with the usual and necessary requirement of law. That a party who seeks to make out his case on trial before judicial tribunal, must do so by producing the best evidence which the nature of the case will admit of, is a principle well established in jurisprudence. But if that evidence be documentary, and it be lost or mislaid, so that it cannot be produced for the purposes of the trial, upon satisfactory showing of this fact, secondary, or the next best evidence of its contents is allowable, that the ends of justice may be attained. This rule of evidence, arising from necessity and of universal acceptation, is not assailed by the counsel for the plaintiff in error; and no

Steamboat Wisconsin *v.* Young.

argument is necessary to establish its propriety. But it is contended that the loss or non production of the original invoice is not established, or accounted for, so as to warrant the reception of the secondary evidence, as allowed by the court below. The plaintiff, Young, clearly states that he had searched diligently for the paper in every place where it would be likely to be found. He does not pretend to say that it was in the valise which was, at the time of the trial, in Michigan, in which he had kept it with other papers, but he states that, if in existence, it is there. If it were then in Michigan, it was impossible to procure it for the trial then progressing from so distant a place; so that for the purposes of the trial, it could not be produced. There is nothing in the evidence as contained in the bill of exceptions, which shows that it was beyond the reach of the process of law and out of the power of the plaintiff below to produce it on the trial, by design in order to enable him to take any undue advantage of the defendant. If such design had been suspected, the counsel for the defendant might and should have pressed his cross-examination of the witness on this point, so as to have ascertained the fact. The ruling of the district court on this point is correct. We think the ground laid for the introduction of the secondary evidence was sufficient, and that it was properly received.

The second assignment of error, we think is satisfactorily disposed of by the evidence of the clerk of Young, which is made part of the bill of exceptions in this case, and which proves the value of the goods contained in the case which was not delivered by the boat. Enough is there set forth in evidence on this point to warrant the verdict.

The last and principal error assigned, will now be considered. The defendant below offered to prove that there had been a mistake in the original bill of lading, as written; and by virtue of which the plaintiff sought to charge him with, and recover the price of the case of goods alleged

to be lost or retained by him. The court ruled the evidence inadmissible. This evidence was rejected by the court on the ground that " there was no ambiguity in the form of the bill of lading which required parole explanation." Here we think the court erred. That parole evidence cannot be received to contradict a written instrument of contract, is well established as a general rule. But this rule has its exceptions as well as others of equal utility and propriety. It is not only allowable to admit of parole testimony to explain a written contract where the instrument is at fault by reason of ambiguity patent or latent, but the courts have long held that parole evidence is admissible to show fraud or mistake in making it. If there be fraud used in the making or execution, or if, by mistake, the instrument be made to contain more or less in substance than was agreed upon by the parties contracting, it is not their contract. Reason and justice alike, dictate the propriety of legal interposition to prevent the enforcement of wrong so manifest, by adhereing rigidly to a general rule, and thereby binding a party to that for which he had never contracted. That parole evidence may be given to show fraud or mistake in the making or execution of a written agreement or contract, the following cases are cited: *Jarvis* v. *Palmer*, 11 Page 650; *Broadwater* v. *Daine*, 11 Missouri 277, *Byrne* v. *Swing*, 6 B. Monroe 199; *Dick* v. *Martin*, 7 Hump. 263; *Carter* v. *Bunis*, 10 Smeads and Mar. 527; *Lockett* v. *Child*, 11 Alabama 640; *Wood* v. *Perry*, 1 Barb. 114; *Deshon* v. *Merchants Ins. Co.*, 11 Metcalf 199. On this subject we have no difficulty in finding cases of highest authority, in the books. However, convinced as we are of the justice and legal propriety of allowing evidence to show mistake in the making of an instrument of writing, such as a receipt or bill of lading, in confirmation of that conviction we find a case exactly in point. The case of the *Steamboat Missouri* v. *Webb*, 9 Missouri R., establishes the rule that " a bill of lading partakes of a receipt and contract; and so far

as it partakes of the nature of a receipt, it may be explained by parole." We deem it unnecessary to discuss the question further, or to array the numerous cases in the books in support of this decision. Its propriety is founded in reason, and supported by an ample current of decisions of the highest authority.

We are of the opinion that the court erred in rejecting the parole testimony, as offered to show mistake in the bill of lading.

Judgment reversed.

*S. Whicher*, for plaintiff in error.

*Wm. G. Woodward*, for defendant.